FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-0109-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Joseph M. Linehan represents Daniel G. (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits alleging disability since January 17, 2014, due to toxic mold syndrome, allergic rhinitis,

allergic conjunctivitis, migraine headaches, brain fog, light sensitivity, eyes rolling into head, joint pain and muscle pain. Tr. 175, 185. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Linda J. Helm held a hearing in Portland, Maine, on April 14, 2016, Tr. 35-84, and issued an unfavorable decision on January 25, 2017, Tr. 12-21. The Appeals Council denied Plaintiff's request for review on February 6, 2018. Tr. 1-5. The ALJ's January 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 28, 2018. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on August 29, 1958, and was 55 years old on the alleged onset date, January 17, 2014. Tr. 58, 175. He completed high school and two years of college. Tr. 62, 186. He spent six years in the Navy and had worked more than 20 years in a naval shipyard as a health physicist instructor. Tr. 62-63, 186. Plaintiff's disability report indicates he stopped working on January 17, 2014, because of his conditions. Tr. 185. He testified at the administrative hearing he was unable to work due to symptoms caused by his toxic mold syndrome. Tr. 64. Plaintiff described the symptoms as his eyes rolling into his head and migraine headaches triggered by attempting to recall a long-term memory, physical activity, viewing flashing lights, and exposure to mold. Tr. 64-65. He has treated the condition with icepacks for his head, aspirin, saunas to release toxins, and avoidance of mold. Tr. 65-68.

Plaintiff testified that a typical day consisted of working on his house to get it ready to sell (he was planning a move to Washington State to live in a drier climate, Tr. 59), some reading, watching television, and playing a computer game. Tr. 68-69. He also indicated he was able to help with household chores by doing some cooking. Tr. 69. Plaintiff stated he was no longer able to drive due to his condition. Tr. 69.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs which exist in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 25, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 17, 2014, the alleged onset date. Tr. 14.

At step two, the ALJ determined Plaintiff had the following medically determinable impairments: toxic mold allergy, headaches, vision issues, obesity and hypertension. Tr. 14. However, the ALJ found Plaintiff did not have a severe impairment or combination of impairments. Tr. 15-18.

The ALJ thus concluded at step two of the sequential evaluation process that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 17, 2014, the alleged onset date, through January 25, 2017, the date of the ALJ's decision. Tr. 21.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff alleges the following assignments of error: (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ committed legal error when she determined Plaintiff did not have a severe impairment at step two of the

sequential evaluation; and (3) the ALJ failed to give the appropriate consideration to the symptom testimony of Plaintiff and the opinion of Plaintiff's treating and examining doctors. ECF No. 12 at 1.

## DISCUSSION[1]

**A.  Step Two**

Plaintiff argues the ALJ erred by determining Plaintiff did not have a severe medically determinable impairment. ECF No. 12 at 8-9. The Court agrees.

Plaintiff has the burden of proving he has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. To meet this burden, Plaintiff must furnish medical and other evidence showing he has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs. *See* 20 C.F.R. §§ 404.1521(b), 416.921(b).

Step two is "a de minimis screening device [applied] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ may find a claimant lacks a medically severe impairment or combination of

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-28 (1985); *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). In reviewing the claimed error, the Court must consider whether the record includes evidence of a severe impairment and, if so, whether the ALJ's response to that evidence was legally correct.

In this case, the ALJ evaluated the evidence of record, considered the hearing testimony, and concluded Plaintiff did not have a severe impairment related to his allegations of toxic mold syndrome, allergic rhinitis, allergic conjunctivitis, migraine headaches, brain fog, light sensitivity, eyes rolling into head, joint pain and muscle pain. Tr. 15-18. The ALJ indicated Plaintiff's hypertension appeared to be fairly well controlled with medication, Tr. 16; there was no evidence Plaintiff's obesity resulted in an exacerbation of his co-existing medical problems, Tr. 16; the evidence of record failed to show Plaintiff sought aggressive treatment or other solutions for his alleged significant symptoms from his toxic mold and other allergies, Tr. 16; the record failed to demonstrate Plaintiff's headaches were of such severity to cause him to seek frequent medical or emergency room treatment or to have been prescribed headache medications, Tr. 16-17; Plaintiff's vision complaints were unsubstantiated by objective evidence, Tr. 17; and Plaintiff's mental health allegations were inconsistent with his essentially normal mental examinations, prior denials of experiencing depression and anxiety, and lack of psychiatric hospitalizations, psychotherapy or being prescribed psychotropic medications, Tr. 17-18.

The Court agrees, and Plaintiff did not specifically contest in his briefing, *see Carmickle*, 533 F.3d at 1161 n.2, that the medical evidence of record fails to document Plaintiff's mental health concerns, hypertension and obesity have resulted in significant limitations. Accordingly, the Court will not disturb the ALJ's determination that these medially determinable impairments are not severe. However, with respect to Plaintiff's toxic mold syndrome, and resultant headaches

and vision issues, the Court finds the record is replete with evidence sufficient to pass the de minimis threshold of step two of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290. As argued by Plaintiff, and discussed below, every treating and examining medical source in the record notes Plaintiff's toxic mold syndrome has had more than a minimal effect on his ability to work. *See infra*.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: physicians who treat, physicians who examine but do not treat the claimant and those who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

Plaintiff's primary treating source, David S. Hurst, M.D., Ph.D., wrote a letter on December 27, 2013, which summarized earlier neurologist and psychological evaluations. Tr. 336-337. Dr. Hurst stated his opinion that there was no pathologic or psychiatric diagnosis to explain Plaintiff's symptoms other than a toxic reaction to mold exposure. Tr. 336. On February 19, 2014, Dr. Hurst wrote that continual exposure to molds had worsened Plaintiff's symptoms. Tr. 333. He opined that Plaintiff was severely allergic to mold and should not continue to work unless he could be assured of a totally mold-free work environment. Tr. 333. Dr. Hurst wrote a letter on April 25, 2014, and indicated Plaintiff would be medically disabled as long as he was exposed to the damp wet

mold environment of Maine. Tr. 330. On May 20, 2014, Dr. Hurst detailed Plaintiff's struggles with toxic mold syndrome. Tr. 327-328. He noted they had documented Plaintiff's mold sensitivity by intradermal testing and determined Plaintiff was "unequivocally sensitive to a multitude of various molds that are found throughout the environment." Tr. 327. Dr. Hurst opined that Plaintiff's continued work exposure to mold "precipitated his symptoms to the point that he became . . . totally disabled." Tr. 327.

On March 24, 2014, Colin R. Robinson, O.D., F.A.A.O, completed a neuro-optometric examination and assessed "extreme photophobia." Tr. 291-292. Dr. Robinson noted Plaintiff had a history of daily migraine-type headaches, frequent symptoms of both eyes rolling up, and extreme light sensitivity. Tr. 291.

Examining physician Thomas F. Johnson, M.D., evaluated Plaintiff on May 11, 2016. Tr. 369-374. Dr. Johnson noted Plaintiff was evaluated by an ear, nose and throat specialist in 2012 using the Rinkler intradermal dilutional technique and was found to have evidence of sensitivity to molds. Tr. 370. Plaintiff's symptoms worsened with continual exposure to molds. Tr. 370. Dr. Johnson opined Plaintiff had a very complex neurologic abnormality and the neurologic abnormality was due to his toxic mold exposure and continued exposure to molds to which he was sensitive. Tr. 372. He further opined that Plaintiff was in an almost continuous state of repetitive migraine headaches. Tr. 372. Dr. Johnson concluded Plaintiff was unable to work any job because his sensitivity to mold induced photophobia, blepharospasm, migraine and oculogyric crises (described as forced closure of his eyes with his eyeballs rolling upward). Tr. 372, 374.

A consultative physical examination was completed by Richard Stockwell, D.O., on June 27, 2016. Tr. 376-385. Dr. Stockwell was unable to evaluate Plaintiff's eyes because Plaintiff was not able to open his eyes during the exam. Tr. 377. Dr. Stockwell specifically indicated he was "not familiar with mold toxicity" and would defer to "a specialist who is well versed in this kind of

problem, either neurology or allergy/immunology." Tr. 377. Nevertheless, Dr. Stockwell stated he was unable to see any deficits that would preclude Plaintiff from performing basic activities. Tr. 377.

While the ALJ provided various reasons for according little or no weight to the treating and examining medical professionals noted above, including finding their opinions were unsupported, based primarily on Plaintiff's subjective complaints, and inconsistent with Plaintiff's demonstrated activities of daily living, Tr. 19-21, the Court finds the ALJ's rationale lacked specificity. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). The Court finds the ALJ's analysis with respect to Plaintiff's treating and examining medical sources failed to specifically identify and explain legitimate bases for rejecting or discounting their opinions. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ relied exclusively on nonexamining medical opinions[2] to find Plaintiff's complaints of toxic mold allergy, with symptoms including headaches,

---

[2]Margaret Pollock, M.D., testified at the April 14, 2016, administrative hearing. Tr. 40-57. Dr. Pollock specifically indicated toxic mold allergy was not her area of expertise (she is a neurologist), Tr. 42, and the underlying issue in this case is usually treated by someone like an immunologist, Tr. 49. Dr. Pollack also stated Plaintiff "should have had a more extensive evaluation and treatment for these various symptoms that he's describing." Tr. 46, 55-56. Nevertheless, Dr. Pollack opined the record reflected Plaintiff had no medically determinable

memory loss, pain and light sensitivity, was not a severe impairment. Tr. 18. As indicated above, the opinion of a nonexamining physician cannot alone constitute substantial evidence that justifies the rejection of the opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

Moreover, both examiner Stockwell, Tr. 377, and medical expert Pollack, Tr. 49, expressed unfamiliarity with mold toxicity and suggested the medical issue would be better addressed by an immunologist. Therefore, at a minimum, the medical evidence was sufficiently ambiguous with regard to Plaintiff's toxic mold syndrome to trigger the ALJ's duty to fully and fairly develop the record. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). In any event, the Court finds the medical records outlined above demonstrate problems with Plaintiff's sensitivity to mold to pass the de minimis threshold of step two of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290.

Based on the foregoing, the Court finds the ALJ erred at step two of the sequential evaluation process. Accordingly, this matter must be remanded for additional proceedings in order for the ALJ to take into consideration Plaintiff's toxic mold syndrome, with symptoms including headaches, memory loss, pain and light sensitivity, and the limitations those symptoms have on Plaintiff's functionality. Although the Court finds that the ALJ erred at step two, it is not

///
///

---

impairments. Tr. 42, 43. The ALJ accorded Dr. Pollack's opinion "great weight." Tr. 18. The ALJ also gave "great weight" to state agency reviewing physicians Donald Trumbull, M.D., Tr. 92, and Benjamin Weinberg, M.D., Tr. 103, who each concluded Plaintiff had no severe physical impairments. Tr. 21.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

clear from the record, as it currently stands, whether Plaintiff's severe impairments, either singly or in combination, would prevent him from performing substantial gainful employment. Further development is necessary for a proper determination.

**B.    Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 12 at 14-17.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Contrary to Defendant's contentions, ECF No. 13 at 18, the ALJ did not make a specific finding of malingering in this case. Instead, the ALJ advanced the following reasons for finding Plaintiff's subjective complaints not persuasive: (1) the objective medical evidence did not support the level of impairment claimed; (2) Plaintiff did not seek more aggressive treatment for his alleged disabling impairments; (3) Plaintiff failed to cooperate during the consultative examination with Dr. Stockwell; (4) Plaintiff's activities of daily living were inconsistent with his allegations of disabling functional limitations; and (5) Plaintiff made a

///

statement in 2013 (prior to the alleged onset date) which raised concerns about possible secondary gain motivation by Plaintiff. Tr. 16-19.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings in light of the ALJ's erroneous determination at step two of the sequential evaluation process. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## C. Medical Opinion Evidence

Plaintiff additionally contends the ALJ erred by rejecting various medical sources in this case. ECF No. 12 at 9-14.

As determined above, the ALJ erred at step two; therefore, this matter must be remanded for additional proceedings. As discussed, the ALJ erred by providing inadequate rationale for rejecting or discounting the opinions of Plaintiff's treating and examining medical professionals. *See supra*. Consequently, the ALJ's RFC determination is not supported and must be reevaluated.

On remand, the ALJ shall reassess the medical opinions of Drs. Hurst, Robinson, Johnson, and Stockwell, as well as all other medical evidence of record relevant to Plaintiff's claim for disability benefits. Furthermore, the ALJ shall direct Plaintiff to undergo a new consultative physical examination with particular emphasis on Plaintiff's toxic mold syndrome. If warranted, the ALJ shall additionally elicit the testimony of a medical expert at a new administrative hearing to further assist the ALJ in formulating a RFC determination. The ALJ shall then make determinations at the remaining steps of the sequential evaluation process.

///
///

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). It is clear further development is necessary.

On remand, the ALJ shall reexamine the severity of Plaintiff's physical condition at step two of the sequential evaluation process. The ALJ shall reconsider the opinions of Drs. Hurst, Robinson, Johnson, and Stockwell, and all other medical evidence of record. The ALJ shall further develop the record by directing Plaintiff to undergo a consultative examination, preferably with an individual who specializes in treating or examining people with allergies; i.e, an immunologist, with particular emphasis on Plaintiff's toxic mold syndrome. If warranted, the ALJ shall also elicit the testimony of a medical expert at a new administrative hearing to further assist the ALJ in formulating a RFC determination. The ALJ shall also reevaluate Plaintiff's statements and testimony, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

///

///

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 22, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE